UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATSY PALMER                                                         CIVIL ACTION

VERSUS

WAL-MART STORES, INC.                                                NO. 09-225-B-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, June 16, 2009.

_____
MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

1

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATSY PALMER** | **CIVIL ACTION** |
| **VERSUS** | |
| **WAL-MART STORES, INC.** | **NO. 09-225-B-M2** |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 4) filed by plaintiff, Patsy Palmer ("Palmer"). Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), has filed an opposition (R. Doc. 10) to Palmer's motion.

## FACTS & PROCEDURAL BACKGROUND

Palmer filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on October 16, 2008. In the petition, she alleges that she slipped and fell in water and partially melted ice in the aisle of the Wal-Mart store located on Sullivan Road in Central, Louisiana, on October 20, 2007. She contends that, as a result of the fall, she injured her lower back and both knees. She alleges that she received conservative treatment for her lower back, including an epidural steroid injection. She seeks the following damages in the petition: (a) medical expenses, past and future; (b) loss of wages and impairment of earning capacity; (c) physical pain and suffering, past and future; (d) emotional distress and mental anguish, past and future; and (e) loss of enjoyment of life. Palmer specifically alleges in the petition that her damages, "although severe, do not exceed the jurisdictional requirement for a jury trial as provided in Article 1732 of the Louisiana Code of Civil Procedure."

Wal-Mart removed Palmer's suit to this Court on April 17, 2009, on the basis of diversity jurisdiction. In the Notice of Removal (R. Doc. 1), Wal-Mart contends that, in her

2

deposition taken on April 7, 2009, Palmer testified that, as a result of the accident in question, she sustained "severe and disabling injuries to her right knee, for which she will eventually require a total knee replacement." Wal-Mart also contends that, during her deposition, Palmer described an aggravation of a preexisting back condition for which she continues to receive treatment and for which she has undergone a series of epidural steroid injections. Based upon such deposition testimony, Wal-Mart contends that it has established that at least $75,000.00, exclusive of interest and costs, is in controversy in this matter. Wal-Mart notes that, although Palmer alleged in her petition that her damages do not exceed the minimum amount required for a state court jury trial (*i.e.*, $50,000.00), she did not offer a binding stipulation that she will not seek to enforce any judgment that may be awarded in excess of $75,000.00, and this case was therefore properly removed. Wal-Mart asserts that its notice of removal was timely filed since it was filed within thirty (30) days of first ascertaining knowledge that Palmer's damages are likely to exceed the jurisdictional minimum as a result of her April 7, 2009 deposition testimony.

Palmer has now filed the present motion, seeking to have this matter remanded to the 19th Judicial District Court. She contends that her allegation in the petition that her damages do not exceed the minimum amount required for a state court jury trial is sufficient to establish that the federal jurisdictional minimum of $75,000.00 is not in controversy herein. She further contends that the evidence in the record does not suggest that her damages in this matter will exceed $75,000.00 since she has only been treated conservatively for her injuries, and there is no mention in the medical records or reports of any need for surgery. In addition to remand of this matter back to state court, Palmer also seeks an award of the reasonable attorney's fees and costs that she incurred in bringing

3

her present motion pursuant to 28 U.S.C. §1447(c).

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).  Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

---

[1] It is undisputed that the parties in this matter are citizens of different states; thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Palmer's petition, it does not appear that her damages are likely to exceed $75,000.00, exclusive of interest and costs. The list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs and does not provide the Court with any guidance as to the actual monetary amount of damages Palmer has or will incur in this matter. Furthermore, as mentioned above, Palmer specifically alleged in the petition that her damages do not exceed the jurisdictional requirement for a state court jury trial as provided in Article 1732 of the Louisiana Code of Civil Procedure. Article 1732 requires that at least $50,000.00, exclusive of interest and costs, be in controversy to warrant a state court jury trial. La. C.C.P. art. 1732. Accordingly, the face of the petition reveals that Palmer's damages are less than $50,000.00, exclusive of interest and costs.

Given that it is not "facially apparent" from Palmer's petition that her damages will exceed the federal jurisdictional minimum, the Court must next consider whether Wal-Mart has met its burden of proving, through summary judgment-type evidence, that the amount

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

in controversy in this matter is likely to exceed the jurisdictional minimum. As discussed above, as evidence of the amount in controversy, Wal-Mart has offered the deposition testimony of Palmer, wherein she indicated that, because of the torn cartilage in her knee brought about by the fall in question, her doctor told her that she "would eventually be looking at a knee replacement" and that she continues to receive treatment, including epidural steroid injections, for her pre-existing back condition that was aggravated during the incident in question.

     Palmer argues in her remand motion, however, that the above statements are insufficient to establish that the federal jurisdictional minimum is in controversy since none of her medical records or reports contain a recommendation for surgery. The Court agrees. A plaintiff's deposition testimony that surgery may be required in the future, on its own, without production of medical evidence substantiating that surgery is or may be required and without any indication as to when that surgery could potentially occur is insufficient to carry a defendant's burden of proof upon removal. *See, Anderson v. Pep Boys-Manny, Moe and Jack, Inc.*, 2009 WL 1269069 (E.D.La. 2009)(As in the present case, the plaintiff slipped and fell in water on the floor of the defendant's store, causing injury to her knee. The court found that it was not "facially apparent" from the plaintiff's petition that her damages would exceed $75,000.00. As summary judgment-type evidence in support of removal, defendant submitted several pages of the plaintiff's deposition. The only fact that the deposition testimony established was that the plaintiff's doctor believed she needed surgery on her knee. There was no discussion of the likely or actual cost of the plaintiff's past or future medical expenses or lost wages nor was there any discussion of the extent of the plaintiff's pain, which might shed light on her claim for pain and suffering. The court

noted that "[t]he fact that [the plaintiff's] doctor has recommended surgery does not, in itself, establish that the claim exceeds $75,000.00, even in a day of spiraling health care costs." The court concluded that the defendant had "utterly failed to present any evidence in support of the appropriateness of removal," and the plaintiff's motion to remand was granted).[3] Because Wal-Mart has failed to produce any medical records evidencing a

---

[3] *See also, Morris v. Granite State Ins. Co.*, 2009 WL579244 (M.D.La. 2009)(Defendant relied upon the plaintiff's deposition testimony as summary judgment-type evidence in support of removal. In her deposition, the plaintiff testified that she continued to suffer from headaches and pain in her mid-back and neck over two years after the accident in question and that one of her physicians had told her that he would recommend surgery if her pain did not stop. The defendant did not, however, offer any competent evidence or jurisprudence to substantiate the assertion that the type and severity of the symptoms from which the plaintiff continued to suffer and the surgery that her physician could potentially recommend would result in her damages exceeding $75,000.00. For example, the defendant did not provide the court with any information as to the type of surgery the plaintiff might undergo and how much the surgery and related hospitalization, if any, would cost. The defendant also did not supply the court with citations to any cases wherein Louisiana plaintiffs with symptoms and surgeries similar to that of the plaintiff received damage awards in excess of $75,000.00. This Court refused to speculate that the jurisdictional minimum was satisfied based upon the evidence presented by the defendant, when all doubts about the propriety of removal are to be resolved in favor of remand, and the plaintiff's motion to remand was therefore granted); *Fischer v. State Farm Mutual Automobile Insurance Co.*, 2007 WL 2900205 (E.D.La. 2007)(While the plaintiff indicated that his physician had recommended a two-level anterior cervical fusion and the surgery had been postponed, the court's review of the exhibits attached to the defendant's memorandum in opposition to the plaintiff's remand motion contained no recommendation for surgery. More than sixteen (16) months had elapsed since the accident and no surgery had occurred, and no medical bills had been submitted by the defendants. The court found that the defendant had failed to carry its burden of establishing jurisdiction at the time of removal)*; St. Pierre v. Miers*, 2006 WL 980675 (E.D.La. 2006)(The plaintiff admitted that there was the potential that he would have to undergo steroid injections, and if his symptoms persisted, potentially a surgical removal of a lumbar disc protrusion. However, at the time of removal, no determination had been made regarding the additional treatment the plaintiff would receive. As a result, the record remained devoid of any evidence that there was a recommendation for surgery, and the court found that such circumstances did not support the jurisdictional minimum, even assuming the existence of a herniated disc); *German, III v. Lowrance*, 2005 WL 3543944 (E.D.La. 2005)(The medical records and bills indicated that far less than the requisite federal jurisdictional amount had been

recommendation by Palmer's physician for knee replacement surgery as of the time of removal, Wal-Mart has failed to prove, by a preponderance of the evidence, that Palmer's damages in this matter are likely to exceed $75,000.00.[4]

Furthermore, even assuming Wal-Mart produced medical evidence demonstrating that Palmer will be required to have knee replacement surgery in the future as a result of the accident in question, Wal-Mart has provided absolutely no support for its assertion that such surgery would cause Palmer's damages to exceed the jurisdictional minimum. Instead, Wal-Mart simply states, in a conclusory manner, that "a knee replacement surgery, in addition to the series of epidural steroid injections that plaintiff has received for her back problems, place the amount in controversy in excess of $75,000.00." To carry its burden of proof, Wal-Mart should have produced the affidavit of a physician attesting to the cost

---

expended on injuries allegedly sustained in the accident, no surgery had been recommended, and no long-term care had been prescribed for any injury. In the absence of a specific medical diagnosis and treatment, quantum study comparisons become meaningless).

[4] This case is distinguishable from the Court's decision in *Barnett v. Wal-Mart Stores, Inc.*, Civil Action No. 08-724-C-M2, where the Court denied the plaintiff's motion to remand. In that case, the defendant referred to portions of the plaintiff's deposition wherein she explained the nature and extent of her injuries and the type of surgery to be performed on her in detail. She also testified that she had already been referred to a surgeon for evaluation. In that case, the plaintiff testified that her physician recommended that she undergo surgery not only on her knee but also on her shoulder and neck, where she had sustained three herniated and two bulging discs. The plaintiff in that case also testified that her medical conditions were causing her to not be able to sleep and had limited her mobility and restricted her abilities to such an extent that she was unable to adequately perform her occupation of "cut[ting] hair." Unlike in the present case, the plaintiff in *Barnett* did not argue in her remand motion that the medical records lacked a recommendation for surgery. The Court also found that damage awards in cases involving cervical surgery typically exceeded the jurisdictional minimum. Accordingly, removal was found to be appropriate in the *Barnett* case.

of knee replacement surgery,[5] and/or it should have cited to cases where Louisiana plaintiffs with the same or similar injuries to that of Palmer underwent knee replacement surgery and epidural steroid injections and received an award of damages in excess of $75,000.00. Since Wal-Mart has produced no such evidence or jurisprudence, it has failed to carry its burden of proof upon removal.

Because Wal-Mart has failed to carry its burden of proof, the Court need not address the issue of whether Palmer has proven to a legal certainty that she will be unable to recover $75,000.00 in this lawsuit through the filing of a binding stipulation to that effect with her petition. Furthermore, the mere fact that Palmer failed to include within her petition a stipulation pursuant to La. C.C.P. art. 893, confirming that her damages will not exceed the federal jurisdictional minimum,[6] alone is insufficient to establish that the jurisdictional

---

[5] The Court's limited research regarding the cost of a total knee replacement indicates that such surgery can cost anywhere from $20,000 to $50,000. *Crisler v. Paige One, Inc.*, 42,563 (La. App. 2 Cir. 1/9/08), 974 So.2d 125 (Physician testified future knee replacement surgery would cost approximately $20,000 to $30,000); *Smith v. Municipality of Ferriday*, 2005-755 (La. App. 3 Cir. 2/1/06), 922 So.2d 1222 ($40,000 to $50,000); *Lousteau v. K-Mart Corp.*, 03-1182 (La. App. 5 Cir. 3/30/04), 871 So.2d 618 (Approximately $36,000 for total knee replacement); *Reed v. State Farm Mut. Auto Ins. Co.*, 2002-804 (La. App. 3 Cir. 2002), 832 So.2d 1132)($30,000 for total knee replacement); *Trueman v. City of Alexandria*, 2001-1130 (La. App. 3 Cir. 5/15/02), 818 So.2d 1021 ($42,274.80 for total knee replacement); *Gildpin v. State Farm Mut. Auto. Ins. Co.*, 99-36(La. App. 5 Cir. 5/19/99), 735 So.2d 921 ($25,000); *Madonna v. US*, 2000 WL 575928 (E.D.La. 2000)($25,000). Without medical evidence as to the specific type of knee surgery Palmer would be undergoing as well as evidence regarding her other claimed damages, such as her claim for damages for lost wages/loss of earning capacity, the Court cannot determine whether the amount in controversy in this matter exceeds $75,000.00.

[6] La. C.C.P. art. 893 provides the following:

> A (1)   No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer

minimum is in controversy in this suit.  *See, Weber v.* Stevenson, 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy.  A finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).[7]  Accordingly,

---

> for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. . .

La. C.C.P. art. 893.

[7] *See also, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007)(If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff in failing to include an allegation that his/her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 cannot give rise to presumptive federal jurisdiction or satisfy the defendant's burden of proving, through allegations of fact or record evidence, that the amount in controversy requirement is met); *Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007)("[I]n light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition [in failing to plead the lack of federal jurisdiction in accordance with La.C.C.P. art. 893] creates federal jurisdiction"); *Fontenot v. Granite State Insurance Company*, 2008 WL 4822283 (W.D.La. 11/3/08)(A removing defendant's "burden is unaffected by the plaintiff's failure to comply with La. C.C.P. art. 893 because compliance would not require the plaintiff to assert a specific amount in controversy, only an opinion as to federal jurisdiction.  The plaintiff's statement that the amount in controversy either did or did not exceed the federal jurisdictional amount would simply be one piece of evidence for the Court to consider, for 'a party may neither consent to nor waive federal subject matter jurisdiction'"); *George v. Dolgencorp, Inc.*, 2008 WL 103957, *1 (W.D. La. 2008), quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d

Palmer's motion to remand should be granted.

Though the Court has determined that removal was improper, there is nothing in the record to suggest that Wal-Mart acted in bad faith or negligently in removing this case based upon plaintiff's deposition testimony that surgery may ultimately be needed. In fact, if Wal-Mart had produced medical evidence substantiating that recommendation as well as evidence or jurisprudence indicating that Palmer's medical treatment and knee replacement surgery would cause her claimed damages to exceed $75,000.00, Wal-Mart's removal could have been sustained. Accordingly, the Court declines to grant Palmer an award of the attorney's fees and expenses that she incurred in bringing this motion to remand under 28 U.S.C. §1447(c). *Anderson*, at \*2; *Morris*, at \*5 (This court declined to award attorney's fees and costs since the defendant had presented some summary judgment-type evidence in support of removal but had simply failed to meet its preponderance burden (because it failed to provide sufficient evidence regarding the costs associated with the plaintiff's potential surgery, about the value of the plaintiff's wage loss and earning capacity claims, and concerning damages awarded to Louisiana plaintiffs with the same or similar injuries to that of the plaintiff). The Court noted that the defendant's removal was not "objectively unreasonable" because, if the defendant had supplied the additional evidence referenced in the ruling, its removal may have been sustained. Appropriate circumstances therefore did not exist for an award of costs and expenses to the plaintiff).

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 4)

---

848 \*5th Cir. 1999); *Saxon v. Thomas*, 2007 WL 1974914 (W.D. La. 2007).

filed by plaintiff, Patsy Palmer, should be **GRANTED IN PART**, in that this suit should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings, and **DENIED IN PART**, in that plaintiff should not receive an award of the reasonable attorney's fees and expenses that she incurred in bringing her motion to remand.

Signed in chambers in Baton Rouge, Louisiana, June 16, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**